McKinney, J.,
delivered the opinion of the Court.
This was an action on the case brought by the defendant in error against the plaintiff in error in the *590 Circuit Court of Hamilton. The declaration contains two counts. The first is in trover, for the conversion of a slave named Jack, the property of the plaintiff in the action. The second is a special count, founded on the act of 1856, ch. 72, § 1, for receiving and carrying the slave Jack on the train from Chattanooga, in this State, to Atlanta, in the State of Georgia, without “ a verbal or written authority from the owner,” whereby the slave was lost to the plaintiff.
An agreed case was made and submitted to the determination of the Court. The Court gave judgment for the plaintiff for nine hundred dollars, the value agreed upon by the parties. Erom this judgment an appeal in error was prosecuted to this Court.
Erom the facts agreed upon by the parties, it appears that another slave, the brother of Jack, was in the service and employ of the Railroad at Atlanta, and the master of transportation on the road had given to the said slave in the employ of the road a “pass,” authorizing him to go to Chattanooga and return again on the train. By some means, Jack became possessed of this “pass,” and the conductor, believing the “pass” to be genuine, and Jack to be the slave named therein, on the 1st of August, 1856, received the slave on the train, and conveyed him to Atlanta free of charge.
Soon after the slave reached Atlanta, he was seized and sold to satisfy a judgment against the person from whom the plaintiff had bought him, and who, as is admitted, by the law of Georgia, had a valid lien on the slave.
There can be no doubt of the correctness of the judgment in this case, upon general principles, irrespective *591 of the act of 1856. The seizure and sale of the slave in Georgia is a matter which does not in any way affect the determination of the case; nor is the complexion of the case at all varied hy the fact that the conductor of the train was innocent of any intentional wrong, and was imposed on hy the false “pass” in the possession of the slave. In admitting a slave on the train, the agent of the road acts at his peril and the peril of the Company. He is hound to inquire and to know that the owner has given permission and authority to receive and carry the slave on the train; and if this he wanting, the very act of receiving and carrying the slave is in itself a conversion.
Judgment affirmed.